Taylor v. Smith.

---

## William W. Taylor v. Hulda T. Smith.

1. PREFERENCES—*Debtor in Failing Circumstances.*—A debtor in failing circumstances has a right to make preferred creditors provided he does so in good faith.

Trover, for the wrongful taking of a stock of goods. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

LINCOLN & STEAD, and STOCKWELL & BECK, attorneys for appellant.

FOWLER BROTHERS, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit was commenced by appellee against appellant, as sheriff, to recover for the wrongful taking of a stock of wall paper, belonging to her, under an execution issued from the Superior Court of Cook County, upon a judgment in favor of the National Wall Paper Company against William C. Meecham.

There was a recovery in favor of appellee for $1,489.12.

The evidence upon the trial shows that in October, 1892, appellee and William O. Meecham engaged as partners in the wall paper business at Ottawa, Illinois. After continuing the business for one year appellee sold her interest to Meecham for $1,200, taking therefor from him six promissory notes for $200 each, payable in one, two, three, four, five, and six years. Meecham continued the business on his own account.

He became largely indebted to the National Wall Paper Company, which, after procuring a judgment note from him, entered judgment upon it in the Superior Court of Cook County. An execution issued from that judgment which was sent to appellant, as the sheriff of LaSalle county, and reached his hands on the afternoon of October 3, 1894. He levied the writ upon the goods in question, which he found in the possession of the appellee, and sold them.

Appellee based her right to the goods upon a purchase of them made upon the 2d of October, 1894, from Meecham. The consideration paid was the six unpaid notes which she held against Meecham. There is no doubt under the evidence that appellee so purchased the goods for the purpose of saving her debt or that she obtained possession of them before the execution reached the hands of the appellant.

Counsel contends that the transfer of the stock was not a *bona fide* sale, but was simply a shift upon the part of Meecham and appellant to defraud the paper company. The evidence does not bear them out in that contention. It is undisputed that appellee originally furnished $1,000 to

the business; that when she retired in 1893 she received the six notes for her interest and that at the time of her purchase the notes were unpaid. The effect of the sale to her by Meecham was of course to make her a preferred creditor. But Meecham had the right to make her such.

We think it was done in good faith.

Complaint is made that the damages allowed were excessive.

There was great disparity in the testimony of witnesses as to the value of the goods, but we think there was evidence to support the verdict upon that point.

No error as to instructions appears to have been made by the court.

Judgment affirmed.